

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

August 7, 2018

**BY EMAIL**
Amy Gallicchio
Julia Gatto
Federal Defenders of New York
52 Duane Street, 10th Floor
New York, NY 10007
Email: Amy_Gallicchio@fd.org
Email: Julia_Gatto@fd.org

> **Re:**    *United States* **v.** *Akayed Ullah*, **18 Cr. 16 (RJS)**

Dear Counsel:

The Government hereby provides notice pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) regarding certain categories of expert testimony that the Government may offer at trial, and seeks reciprocal disclosures.

### Disclosure by the Government

### I.    Terrorism-Related Topics

The Government expects to call Aaron Y. Zelin as an expert witness in militant jihadist groups, including the Islamic State of Iraq and al-Sham ("ISIS"). Mr. Zelin is the Richard Borow Fellow at the Washington Institute for Near East Policy, holds a Master's degree in Islamic and Middle Eastern Studies from Brandeis University and a Ph.D from King's College of London, where he served as a fellow at the International Centre for the Study of Radicalisation. A copy of Mr. Zelin's curriculum vitae ("CV") is attached as Exhibit A. Mr. Zelin was previously qualified as an expert on militant jihadist or terrorist groups in *United States* v. *Pugh*, 15 Cr. 116 (NGG) (E.D.N.Y. 2016), *United States* v. *El Gammal*, 15 Cr. 588 (ER) (S.D.N.Y. 2017), and *United States* v. *Rahimi*, 16 Cr. 760 (RMB) (S.D.N.Y. 2017). Transcripts of Mr. Zelin's testimony in those cases are attached as Exhibit B.

Mr. Zelin is expected to offer testimony relating to militant jihadist groups and foreign terrorist organizations, principally ISIS, including regarding the following topics: ISIS's history,

structure, strategic goals, geographic locations, and means and methods; current and historical sources of and influences on ISIS's ideology; ISIS's exertion of control over certain territories, and ISIS's maintaining an active presence in other territories, including Bangladesh; key events and figures in ISIS's history, including Mohammed al-Adnani and Abu Bakr al-Baghdadi; ISIS's efforts and methods, including through the Internet, to recruit supporters; ISIS's planning, carrying out, and claiming responsibility for terrorist operations and attacks in the United States and Europe, among other places; ISIS's use of social media platforms and other mediums to issue propaganda and terrorism-related content, including calls for supporters to travel overseas to join, train with, and fight for ISIS, and for its supporters to commit terrorist attacks, including "lone wolf" attacks, against westerners; instances in which ISIS has, through public pronouncements and promotional materials, motivated and inspired supporters to commit lone wolf terrorist attacks, including in the United States and Europe; al Qaeda in the Arabian Peninsula ("AQAP"); AQAP's history, practices, and ideology; Anwar al-Awlaki, a former senior leader of AQAP; and ISIS supporters drawing inspiration from AQAP's ideology and propaganda, and from the lectures and teachings of al-Awlaki.  In addition to the foregoing, Mr. Zelin is expected to testify about the meaning and significance of certain terms, images, symbols, and other content associated with ISIS and militant jihadist ideology, including terms, images, symbols, and other content located in the defendant's electronic devices, online accounts, journals, and other materials recovered during the investigation of this case.  Mr. Zelin's qualifications and the bases and reasons for his anticipated testimony are reflected in the attached CV (Exhibit A) and trial transcripts (Exhibit B).

## II.    Searches of Electronic Devices

The Government anticipates calling one or more forensic examiners with the Computer Analysis Response Team of the Federal Bureau of Investigation ("FBI"), to testify regarding the forensic searches and analyses of electronic devices that were recovered during the investigation. The Government is providing notice as to this anticipated testimony relating to the searches of electronic devices in an abundance of caution, as these witnesses are expected to testify principally about what was found during searches of the devices rather than any area of

specialized knowledge relied upon during the examinations.[1]  The Government will provide the defense with CVs setting forth the qualifications for these witnesses once they have been identified.  The bases and reasons for the anticipated testimony of such witnesses are reflected in the extraction reports relating to searches of electronic devices that have already been produced in discovery.

## III.    Forensic Analysis

Explosives and Hazardous Devices.  The Government anticipates calling FBI Forensic Examiner Christopher Rigopoulos to provide expert testimony regarding explosives and hazardous device examinations performed in connection with items recovered during the investigation on or about December 11, 2017.  Mr. Rigopoulos's CV setting forth his qualifications, and his forensic report and underlying lab files reflecting his anticipated testimony, including his opinions and the bases and reasons underlying them, have previously been produced in discovery.  *See* US_003879-004559.

Explosives – Chemistry.  The Government anticipates calling FBI Forensic Examiner Robert Gillette to provide expert testimony regarding explosives chemistry analysis performed in connection with items recovered during the investigation on or about December 11, 2017.  Mr. Gillette's CV setting forth his qualifications, and his forensic report and underlying lab files reflecting his anticipated testimony, including his opinions and the bases and reasons underlying them, have previously been produced in discovery.  *See* US_003728-003741.

Firearms Toolmarks.  The Government anticipates calling FBI Forensic Examiner Derrick McClarin to provide expert testimony regarding toolmarks examinations performed in connection with items recovered during the investigation on or about December 11, 2017.  Mr. McClarin's CV setting forth his qualifications, and his forensic report and underlying lab files reflecting his anticipated testimony, including his opinions and the bases and reasons underlying them, have previously been produced in discovery.  *See* US_005479-005533.

---

[1] *See United States* v. *Marsh*, 568 F. App'x 15, 16-17 (2d Cir. 2014) (summary order) (finding no error in allowing lay, non-expert testimony relating to search of electronic device where witness simply "explained his training," "described" his search, and "testified to the contents of the messages retrieved from the phone"); *United States* v. *Berry*, 318 F. App'x 569, 569 (9th Cir. 2009) (unpublished opinion) (expert testimony not necessary where witness "simply testified to what he found on the hard drive of [defendant's] computer, without expressing an opinion that required specialized knowledge or offering insight beyond common understanding"); *United States* v. *Scott-Emuakpor*, 99 Cr. 138, 2000 WL 288443, at *12 (W.D. Mich. 2000) ("The question before the Court at this time is not whether these witnesses have the expertise, for example, to develop sophisticated software programs.  The question is whether they have the skill to find out what is on a hard drive or a zip drive.  Apparently, they have this skill because they determined what was on the drives.").

DNA.  The Government anticipates calling FBI Forensic Examiner Melinda Brooks to provide expert testimony regarding DNA analysis performed in connection with items recovered during the investigation on or about December 11, 2017.  Ms. Brooks's CV setting forth her qualifications, and her forensic report and underlying lab files reflecting her anticipated testimony, including her opinions and the bases and reasons underlying them, have previously been produced in discovery.  *See* US_005241-005478.

Chemistry – Metallurgy.  The Government anticipates calling FBI Forensic Examiner Susan Marvin to provide expert testimony regarding metallurgy analysis performed in connection with items recovered during the investigation on or about December 11, 2017.  Ms. Marvin's CV setting forth her qualifications, and her forensic report and underlying lab files reflecting her anticipated testimony, including her opinions and the bases and reasons underlying them, have previously been produced in discovery.  *See* US_003742-003878.

Fingerprints.  The Government anticipates calling FBI Forensic Examiner Jacqueline Slebrch to provide expert testimony regarding latent fingerprint analysis performed in connection with items recovered during the investigation on or about December 11, 2017.  Ms. Slebrch's CV setting forth her qualifications, and her forensic report and underlying lab files reflecting her anticipated testimony, including her opinions and the bases and reasons underlying them, have previously been produced in discovery.  *See* US_004605-004933.

## IV.    Foreign-Language Evidence

Certain of the audio and video files, handwritten materials, and other items produced in discovery include foreign-language content.  To the extent the Government determines that it will offer foreign-language evidence at trial, the Government may call one or more foreign-language experts to testify regarding English-language translations of such evidence.  The Government will provide the defense with CVs setting forth the qualifications for any such foreign-language experts that it plans to call at trial once they have been identified, as well as draft translations of any such foreign-language evidence that it plans to offer.

The Government reserves the right to supplement this disclosure prior to trial, including by identifying any additional categories of expert testimony that it may offer.

## Disclosure by the Defendant

The Government reiterates its prior requests for reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure and requests notice under Rules 12.1, 12.2, and 12.3.  Specifically, the Government requests that the defendant:

- Pursuant to Rule 16(b)(1)(C), provide notice regarding any expert witness that the defendant intends to rely upon, including a written summary of any testimony that the defendant intends to elicit under Rules 702, 703, or 705 of the Federal Rules of Evidence.  Any such summary should include the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

- Allow inspection and copying of: (i) any books, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial; and (ii) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

- Disclose prior statements of witnesses the defendant will call to testify at trial. *See* Fed. R. Crim. P. 26.2; *United States* v. *Nobles*, 422 U.S. 225 (1975). The Government requests that such material be provided on the same basis upon which we agree to supply the defendant with 3500 material relating to Government witnesses.

- Pursuant to Rules 12.1, 12.2, and 12.3, provide notice of any alibi defense, insanity defense, or public-authority defense that the defendant intends to rely upon in this case.

Sincerely,

GEOFFREY S. BERMAN
United States Attorney

By: _____/s/_____

Shawn G. Crowley
Rebekah Donaleski
George D. Turner
Assistant United States Attorneys
(212) 637-1034/2423/2562

Enclosures