

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 4, 2018

By ECF
The Honorable Richard J. Sullivan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

> Re:   *United States* v. *Akayed Ullah*, 18 Cr. 16 (RJS)

Dear Judge Sullivan:

The Government respectfully submits this letter to propose (1) a small number of modifications to the verdict form circulated to the parties earlier today, and (2) the addition of a brief instruction in the Court's jury charge relating to the video clips that were admitted into evidence during trial.

*First*, attached as Exhibit A is a redline version of the verdict form reflecting the Government's proposed modifications. The Government's proposed modifications to Counts One through Five are intended to ensure that the verdict form is consistent with the Court's jury charge circulated to the parties earlier today. In particular, the Government proposes that Question 9 be modified to conform to the special interrogatory set forth at page 32 of the jury charge relating to the Government's second theory on Count Five. The defense has advised that it joins in all of the proposed changes to the verdict form except the proposed modification to Question 9.

The Government also proposes that the Court add a question to Count Six requiring the jury, if it finds the defendant guilty on Count Six, to specify the underlying count(s) in relation to which it has found the defendant guilty. *See United States* v. *Blanco*, S4 16 Cr. 408 (CS) (verdict sheet, July 14, 2018) (attached as Exhibit B). The defense joins in this proposal.

*Second*, the Government proposes that the Court add, in the course of its General Instructions, the following brief instruction relating to the videos introduced at trial:

> During the trial, certain videos were admitted into evidence. Some of those videos include depictions of violence or declarations that some people may find distasteful or which some people may disagree with. Let me remind you that your duty as jurors is to serve fairly and impartially, without fear, favor, sympathy, or prejudice. You need to consider all of the evidence in this case, including the videos that were admitted, dispassionately and not allow your personal opinions, your personal beliefs, fears, sympathies or biases to interfere with your duties as jurors.

*See United States* v. *Abu-Jihaad*, 600 F. Supp. 2d 362, 402-04 (D. Conn. 2008), *aff'd*, 630 F.3d 102 (2d Cir. 2010).

While the Government does not believe the proposed instruction is necessary for the reasons stated by the Court (*see* Tr. 383-84 (Court noting that the videos are not graphic)), the Government proposes including this instruction in the Court's jury charge in an abundance of caution. (*See* Tr. 384 ("So I don't think there's a need for a limiting instruction at the time the videos have been shown. And we're going to be having final jury instructions I think in a relatively short period of time, so we can deal with that then.")). We have shared our proposed instruction with the defense, which has advised that it objects to the lack of an instruction at the time the videos were played, but that it is not requesting an instruction relating to the videos in the Court's final jury instructions.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney
Southern District of New York

By: _____/s/_____
Shawn Crowley / Rebekah Donaleski / George Turner
Assistant United States Attorneys
(212) 637-1034 / 2423 / 2562

Cc: Defense Counsel (by ECF)